Morning, Your Honors. May it please the Court, my name is James Todd Bennett. I'm appearing for the petitioner, and I'd like to reserve two minutes for rebuttal. The issue in front of the, the aggravated felony issue in front of the Court today is essentially not the basis for the deportation order, as the record reflects. That's a, essentially a controlled substance offense under 127A2B1I, rather. The aggravated felony in this particular case is, is there an aggravated felony and does it act as a bar to the relief? Could you stay behind the mic? I'm sorry, Your Honor. Is it, is it a bar to the relief that Respondent was applying for in front of the Immigration Court, and that relief being cancellation of removal under 120, 12229BA3 would be the operative factor? He's barred from cancellation if he's got an aggravated felony. Now, if there's been a submission of an additional authority under Hagerty, which is an Eighth Circuit case, not binding on this circuit, certainly should be considered, but is certainly not binding. I think that decision essentially reiterates, though, the precedent decision in this circuit under Robinson, which is cited in the brief. The essential issue there, addressing first the California conviction, which since the filing of this petition, has, is arguably an aggravated felony, and at least that's the government's position, in and of itself under Robles-Rodriguez. Hagerty basically says that the 17B motion under, excuse me, 17B treatment under the California Penal Code would apply if you have a judgment, or if you've got an order by the court reducing it to a misdemeanor, where you have what is commonly known as a wobbler, in other words, either a felony or a misdemeanor. In both Hagerty and Robinson, I think the record, the opinions reflect that there was, in fact, a suspended sentence in those cases. The problem with this case, and I think it's reflected in some older decisions in California law, is that for probation, the order in this case, based on page 48 of the record, says that the respondent has been sentenced to four months in prison, or excuse me, four months in jail, says that he's given three years probation, but there's no suspension of sentence or suspension of imposition of sentence on the face of the record that's in front of the court, and which was submitted in the course of the immigration proceedings. So, in other words, under an older Supreme Court case in the state of California, Arguello, which is cited in the brief, if you've got a grant of probation with an imposed sentence, then you have nothing to impose afterwards. If there's a violation, you have a judgment. So, in effect, this sentence, based on the record in front of this court, is essentially a 17B1 sentence. It would necessarily be, even though it's labeled a felony, or appears to be labeled a felony on the sentencing document, there's an F after the citation of the 11377A wobbler for possession of methamphetamine, nonetheless, given the kind of sentence treatment that it's been given, it appears to be a 17B1 treatment. If that's the case, then that is necessarily a misdemeanor, and I think when we refer back through Corona-Sanchez to state law, we have a conviction that is essentially, for all intents and purposes, for deportation purposes, the label of the state court aside is essentially a misdemeanor, not a felony. And if it's not a felony, it can't be an aggravated felony. This is a habeas action, right? Yes, sir. So, don't you have to show that it's a constitutional violation? Yes. Or a violation of statute. And I think we have both here. And I know there was a previous petition for review which may be of concern to the Court. That is the concern. Exactly. And it wasn't addressed by either side in the brief, but I think I could address that briefly here. The petition for review, the basis for the decision, the order of removal, was a controlled based on this very same California conviction, was not charged as an aggravated felony. It was charged as a simple possession under the B, excuse me, A2BI subsection of the deportation statute, section 1227. Now, that was the basis, and under the prohibiting factors under section 1252, B2C, I think it is. Well, I guess my point is, was the statutory interpretation foreclosed by the prior review in this Court? And, therefore, the reason for the habeas action was because it couldn't consider a constitutional violation by the BIA. It was dismissed by our court for lack of jurisdiction. Right? I'm sorry? It was dismissed by our court for lack of jurisdiction. And it would necessarily have to be because it was found removable for controlled substance offense. So, obviously, there's a bar. I mean, I was, you know, the jurisdiction of the decision is absolutely correct. There's a bar. But the issue here, the aggravated felony issue, is underneath it. That's the question of his eligibility for relief. The INS never charged him as an aggravated felon. They could have. They could have stacked the why. At that point, under Olmedo, they could have stacked the Wyoming statute, and they could have stacked the, with the California statute, and said we have two successive convictions for controlled substance, and he's got an aggravated felony. But they didn't. They said, no, we're just going to say he's barred from relief under the relief statute. We're not charging him as an aggravated felon. So when he comes before the court on the petition for review, he's obviously barred because he's a controlled substance offender. But the due process issue is, should he have been allowed to go forward as a matter of law with his application for relief? The, if the California conviction is, in fact, a misdemeanor, or treated as a misdemeanor, then we have the problem of the predicate under an Olmedo-type analysis, because that is still the law of the circuit. I appear to be, oh, I think I'm okay. There is a, there's a probation statute in the state of Wyoming, and you get a five years duration, but you have to be a resident, and it has to be a single count. In this particular case, the predicate conviction, he was sentenced in multiple counts to ten days concurrent, one of them being a simple marijuana possession. And significantly, there's no expungement statute in the state of Wyoming.  That does not have an expungement statute. Based on that, I would, I think it's set forth in the brief rather clearly, but essentially, you have sort of a reverse Gabardine problem here. If you can't expunge this conviction, then you have, unlike Gabardine, where you have an over, a broader expungement statute, you have no statute at all. The same kind of due process concerns under the equal protection clause necessarily come up. If I happen to be in Wyoming, I don't get an expungement. If I happen to be in Montana, I do. And therein lies the equal protection violation. I see my time's up. All right. Good morning again. Joan Rufinock appearing on behalf of Attorney General Ashcroft. The sole basis for the district court's denial of the habeas petition was that the California conviction constitutes an aggravated felony because the California conviction constitutes an aggravated felony. Defendant was not entitled or was barred from applying for cancellation of removal. The record before the district court clearly supports that finding. The immigration judge on the record before the immigration court specifically found that the California conviction was a plea from possession of methamphetamine for sale to possession of methamphetamine. The California court designated that California conviction as a felony. We know that. They sent him to jail for four months. Correct. And that's the treatment for a misdemeanor. That's true. But this court has said that what we look to is what is the potential punishment for the offense. Well, but there are cases specifically addressing the California walkers, right? Correct. What do those cases say? Don't they say that, you know, if it's a misdemeanor, then we treat it as a misdemeanor, present it as a misdemeanor? It's a misdemeanor forever. For all purposes. Well, no, I don't think so. Because particularly where in this case, I mean, no one knows better than the California courts when they're sentencing what they're intending to do. So this California court obviously knew that it was taking a plea from possession for sale to possession and knew that it had the option of imposing a sentence in the county jail of up to a year or 16 months or two years or three years in the state prison. The court gave the defendant the three years probation and the four years in the county jail, but said this is a felony. So I think that that's evidence. Where do you find it saying this is a felony except for the little F that was put? Precisely that F, Your Honor, because the court took the time to put F next to the plea down to from the possession for sale to possession. You think the judge put that F there? That I can't say. Perhaps not, but certainly the court would have. So the judge nowhere said this is a felony. All we can go by is the F. We have to go by the F. That's correct. That's what the record is. But I'd submit to the court that certainly a clerk wouldn't on their own designate the offense a felony. So obviously there was proceedings before the sentencing court where it was indicated that this was a felony, which was reflected on the judgment and commitment order. What do we do with the California law that if it is a jail sentence, is treated as a misdemeanor for all purposes? Well, you've also got the California law that says when not otherwise specified, every offense declared to be a felony, which is what the F gives us in the government's position, or to be punishable by imprisonment in a state prison is punishable by the 16 months or the two years. And then under this court's decisions in Arellano-Torres, you say we look at what's the maximum potential. And the potential punishment, as in Nevada, that case that while they had to impose a sentence of probation, the court could revoke that probation, and in revoking that probation could sentence to up to four years. So they said, even though this guy got probation, that is an aggravated felony because he's subject to up to four years imprisonment on that initial conviction. Similarly here. Nothing in California. What about this language from La Farga, La Farja, which I'm reading as being quoted in Garcia-Lopez v. Ashcroft, which says, quote, in La Farga, La Farja, we held that a state court's designation of a wobbler offense as a misdemeanor was binding on the BIA for the purposes of applying there was a petty offense exception. But we held that the state court designation was binding on the BIA. Then I would submit that in this court, in this case, our conviction record indicates felony. The sentence was for a misdemeanor. The sentence, but the designation, the court can sentence on a felony to probation. But that doesn't change the designation that it's a felony and the individual got probation. In this case, he got probation plus jail time. And the government suggests that because the court or the judgment and commitment order indicates that F for felony and that M for misdemeanor next to the second count to which the defendant pled, that the court made a conscious decision that this case, in this case, the defendant was being sentenced for a felony to a sentence of probation and four months. And that that's because the court could have sentenced him more, chose to give this as the sentence in exchange for a plea from a greater charge. All right. So your whole case turns upon the little F, right? Well, it does, I guess. I guess it does. If he'd put an M up there. Had he put an M, we would have had a much tougher road to hoe, I'd suggest. But because obviously the court, the clerk would not have put an F on there unless there was an indication from the court that there was a felony or that the court intended it to be a felony, a plea to a felony. And I think that the case law, that Haggerty and Robinson support the government's position in that, as well as Ariana Torres. And in addition, well, I'll take that back. But I think that in Haggerty, the Eighth Circuit was faced with a similar circumstance, and they specifically said that because the violation of this particular statute, the exact one that we're examining here, could be punishable by a felony sentence, it was a felony. So I'd submit that that is sufficient authority for this court to do the same and to find that it is an aggravated felony. Is there a difference between aggravated felony from the standpoint of immigration, that is, removal, as opposed to sentencing? For example, the cases that were cited by the government, Garcia-Lopez and so forth, were cases involved in enhancing a sentence. Isn't there a different policy for removal purposes? I believe that there are different interpretations on occasion between the BIA interpreting aggravated felony versus perhaps a circuit court of appeals interpreting the same term. So that's not quite the question. It's for difference between sentencing enhancement and what's an aggravated felony for purposes of removal. So you're talking about, for example, in guideline sentencing? Okay. Isn't it an important thing to have a consistency throughout the United States for what is an aggravated felony not depending upon what a state, a particular state says is an aggravated felony, but rather from a standpoint of what an aggravated felony is for purposes of deportation or removal? Certainly having consistency is nice, and I think the court should strive for consistency. But on the other hand, when the California court was sentencing this particular individual, I submit the court wasn't thinking at all about, is this going to be considered an aggravated felony? That court was considering, this is an individual before me for a drug offense. I'm going to take one more crack, Ms. Rufinick. I'm going to ask you to look at this. Consider this. Section 17 of the California Penal Code says, right, B, when a crime is punishable in the discretion of the court by imprisonment in the state prison or by imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances. One, after a judgment imposing a punishment other than imprisonment in the state prison. Okay. It's a misdemeanor for all purposes under state law. But doesn't it also say, Your Honor, that it's at the discretion of the sentencing court? And I submit that the crime is punished. Yeah, but it says when the court exercises discretion to sentence not to a state prison, it's a misdemeanor. I would beg to differ and say that it's the court in this case exercises discretion to declare it a felony, but to sentence it as it did. But the state statute says the way you make the choice is by the sentence imposed. And the sentence imposed is under B1, a judgment imposing punishment other than imprisonment in the state sentence. California Penal Code Section 17B1. I just I think I haven't thought about whether it's controlling, but it probably is. But if it is, I think that's contrary to your case, isn't it? I believe that would be contrary. Yes, Your Honor. Anything else? No, we'll submit on the brief. Thank you very much. Just briefly, Your Honors, the 17B1 issue, there's no need for the court to make a declaration of reduction of misdemeanor. Unlike 17B3, which explicitly on the statutory face makes that a requirement. Would you speak up, please? I'm sorry. The 17B1 provision under that statute doesn't require a declaration by the court. It merely requires that they impose a sentence other than state prison. That becomes the judgment. There's no sentence to impose here. There's no pending sword of Damocles, if you will, hanging over the defendant's head at that point. He's got four months, and that's it. I don't see anywhere in the, at least in the conviction document record, I may be mistaken as to the immigration judge's statements on the record, but as to the reduction of this from a trafficking, excuse me, a sales offense to a possession or a possessory offense. I don't see any evidence of that, at least in the conviction document record. And I don't think we can look behind the conviction documents as they were presented by the INS in this proceeding. I have no. Well, I don't think Garvin's asking us to look behind it, asking us to take it at face value, you know, because it has the designation F, right? I think precisely what the government doesn't want us to do is look behind it. Government wants us to take it at face value because it says F for felony. Yes. Well, if it says F and we interpret it as standing for felony, there's no Rosetta Stone. And there's no looking behind it. Isn't that what you just said? I'm convicted of an F. I flunked. But that's, other than the fact that there's nothing on the record to even interpret what the F means, even if we assume that. Well, it's pretty clear because right below there's another one that says M for something else. I assume that's misdemeanor, right? I have nothing further. All right. Thank you. We thank both counsel. This case is submitted for decision. Next case is Lambert versus Andrews. But I don't believe Mr. Dickerson here. No. Right. All right. We're going to take the next case in because maybe he'll be here soon. We'll see. We'll move on to state versus Campos Forte. May it please the court. Scott Quinlan for the appellant, Mr. Campos Forte. I'd like to reserve two minutes, if I may, for rebuttal. Fine. Keep track of the time. I'm sorry. Keep track. Keep track of the timer there. Yes. In essence, this is another aggravated felony case where the issue is whether or not felony reckless driving is an aggravated felony. A violent felony under 18 U.S.C. 16B. We're relying on two cases. The first is.
judges: Hug, B Fletcher, Tashima